TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00534-CV






Mary Jane Forbes, Appellant



v.



Eugene J. Lanzl, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. 940513C, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING 








DISSENTING OPINION




 I respectfully dissent.

 In my view, this is a very simple case which the majority makes very complicated. 
There was an altercation between Lanzl and Forbes. On the basis of that altercation, Forbes filed
the following criminal charge against Lanzl:


I, Mary Jane Forbes, being duly sworn, do state upon my oath that I have good
reason to believe and do believe and I charge that heretofore, and before the
making and filing of this complaint, on or about the 20th day of August, 1993, in
the County of Comal and State of Texas Eugene Lenzl [sic], did then and there
intentionally, knowingly or recklessly cause bodily injury to another to wit: Mary
Jane Forbes, by kicking the said Mary Jane Forbes's leg with his foot

against the peace and dignity of the State.


 /s/ Mary J. Forbes 

 Complainant

(Emphasis added.) This charge was later dismissed, whereupon Lanzl filed suit against Forbes
for malicious prosecution.

 In the trial of this lawsuit, Lanzl testified unequivocally that he had not kicked
Forbes. Forbes testified that he had. The jury was properly charged on the seven elements of
a malicious prosecution action. The jury was also instructed on the general strictness required
before they could find in Lanzl's favor:


 You are instructed that actions for malicious prosecution are not favored in
law. Public policy favors the exposure of crime, which a recovery against a citizen
filing a complaint about a crime tends to discourage.


 Public policy requires strict adherence to the rules governing malicious
prosecution actions; any departure from the exact prerequisites for liability may
threaten the delicate balance between protecting against wrong and encouraging the
reporting of criminal conduct.


Finally, the jury was instructed extensively on the meaning of "probable cause," the initial
presumption that the defendant acted reasonably, and the necessity of finding that Forbes lacked
probable cause before they could find her liable for malicious prosecution:


 "Probable cause" means the existence of such facts and circumstances as
would excite belief in the mind of a reasonable person, acting on facts within his
or her knowledge, that the person charged was guilty of the offense of assault. 
The question of probable cause does not depend upon the guilt or innocence of the
Plaintiff.


 . . . .


 There is an initial presumption that the Defendant acted reasonably and in
good faith and had probable cause to initiate the proceedings; however, that
presumption disappears once the Plaintiff produces evidence that motives, grounds,
beliefs and other evidence upon which the Defendant acted did not constitute
probable cause, and the burden then shifts to the Defendant to offer proof of
probable cause.


 . . . .


 You are instructed that the question of probable cause does not depend upon
the guilt or innocence of the Plaintiff, but on whether the Defendant had reasonable
grounds to believe, and did believe, that Plaintiff was guilty from the facts known
to the Defendant at the time of the filing of the complaint.


 Moreover, if there is probable cause for the belief in the guilt of the
Plaintiff for the offense complained of, the Defendant is not liable for malicious
prosecution.


With these instructions, the jury was asked in Question No. 1: "Do you find from a
preponderance of the evidence that MARY JANE FORBES initiated or procured a malicious
prosecution case against EUGENE J. LANZL?" The jury answered "Yes."

 I agree that Richey v. Brookshire Grocery Co., 952 S.W.2d 515 (Tex. 1997), is the
controlling authority. There, the underlying facts were undisputed, allowing the supreme court
to conduct a de novo review. The court did, however, address how to decide whether the
probable cause issue is one of law or fact, and what to do when the issue is one of fact:


 Whether probable cause is a question of law or a mixed question of law and
fact depends on whether the parties dispute the underlying facts. When the facts
underlying the defendant's decision to prosecute are disputed, the trier of fact must
weigh evidence and resolve conflicts to determine if probable cause exists, as a
mixed question of law and fact.


Id. at 518 (emphasis added).

 In the present case, based on the specific assault charge Forbes brought against
Lanzl, the relevant "underlying fact" was whether Lanzl kicked Forbes during their altercation. 
As noted above, that fact was highly disputed. If Lanzl did not actually kick Forbes, then Forbes
could not have had probable cause to charge Lanzl with a criminal offense that was based solely
on an assertion that he kicked her. Thus, Lanzl's unequivocal testimony that he did not kick
Forbes clearly constituted evidence "that the motives, grounds, beliefs, and other evidence upon
which the defendant acted did not constitute probable cause." Id. at 518. With the presence of
such evidence, the initial presumption of reasonableness disappeared. When Forbes testified that
Lanzl did kick her, a classic disputed fact issue was created. Under the supreme court's holding
in Richey, the issue was one for the jury to decide as a mixed question of law and fact. See id. 
The members of the jury did decide that issue, and, in light of the ample evidence to support their
answer, I would respect their right to do so.

 I would affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Filed: January 6, 2000

Publish



y: CG Times Regular"> "Probable cause" means the existence of such facts and circumstances as
would excite belief in the mind of a reasonable person, acting on facts within his
or her knowledge, that the person charged was guilty of the offense of assault. 
The question of probable cause does not depend upon the